COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH 
NO. 2-04-272-CR  
  
EDWARD T. 
MORIMOTO                                                        APPELLANT  

V.  
THE STATE OF 
TEXAS                                                                  STATE  
  
------------ 
FROM CRIMINAL COURT NO. 1 OF 
DENTON COUNTY 
------------ 
MEMORANDUM 
OPINION[1] 
------------
        Appellant 
Edward T. Morimoto appeals his conviction for assault. In a single issue, 
appellant contends that the trial court erred in finding that he committed 
family violence, and in punishing him for family violence, without submitting 
the issue to the jury. We will affirm.
        On 
the evening of January 24, 2004, appellant assaulted his wife after she asked 
him to turn down the volume on the television. A jury found appellant guilty of 
assault. Appellant elected for the trial court to assess his punishment. At the 
punishment phase of trial, the court made an oral finding that appellant and 
Lisa Morimoto were family members or members of the same household, sentenced 
appellant to one hundred twenty days' confinement, and ordered him to pay a 
seven-hundred-dollar fine. The court suspended appellant’s sentence and placed 
him on community supervision for twenty months, subject to the payment of this 
and other fines and conditions, and, based on the family violence finding, 
payment of one hundred dollars to a family violence shelter.
        In 
his sole issue, appellant argues that the family violence issue should have been 
presented to the jury under Apprendi v. New Jersey, 530 U.S. 466, 120 S. 
Ct. 2348 (2000), because the trial court findings would enhance the effect of 
his assault conviction by making it a precursor offense to a felony in the event 
he is subsequently charged with an assault involving family violence and because 
it resulted in an order for him to pay one hundred dollars to a family violence 
shelter. Appellant also complains that he did not have notice that he was 
charged with an offense involving family violence.
        “In 
the trial of an offense under Title 5, Penal Code, if the court determines that 
the offense involved family violence, as defined by Section 71.01, Family Code, 
the court shall make an affirmative finding of that fact and enter the 
affirmative finding in the judgment of the case.” Tex. Code Crim. Proc. Ann. art. 42.013 
(Vernon Supp. 2004-05). Under section 71.004, family violence includes an act by 
a member of a family or household against another member of the family or 
household that is intended to result in assault. See Tex. Fam. Code Ann. § 71.004 (Vernon 
2002).
        Because 
appellant was found guilty of assaulting his wife, the trial court was 
statutorily required to find that he committed family violence.  The court, 
however, did not increase appellant’s punishment beyond the prescribed statutory 
maximum for misdemeanor assault.[2]  Therefore, the 
trial court was not required under Apprendi to submit the family violence 
issue to the jury. See Butler v. State, No. 2-04-178-CR, 2005 WL 
737480 at *4 (Tex. App.—Fort Worth March 31, 2005, no pet. 
h.).
        Moreover, 
appellant did have notice that his offense involved family violence. Both the 
complaint and the information charge appellant with “assault family violence.” 
Further, appellant was charged with assaulting Lisa Morimoto, and the record 
shows that appellant knew she was his wife at the time of the offense. 
Therefore, appellant had notice that he was charged with committing an act of 
violence against a family member. See Butler, 2005 WL 737480 at 
*5.
        We 
hold that the trial court was not required to submit the issue of family 
violence to the jury. Accordingly, we overrule appellant’s sole issue and affirm 
the trial court’s judgment.
    
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE      
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and MCCOY, 
JJ. 
DO NOT 
PUBLISH
Tex. R. App. P. 
47.2(b) 
DELIVERED: April 14, 
2005


 
NOTES
1.  See Tex. R. App. P. 47.4.
2.  Appellant was convicted of assault, a Class A misdemeanor. 
See Tex. Penal Code Ann. § 
22.01(a)(1), (b) (Vernon 2003). An individual adjudged guilty of a Class A 
misdemeanor shall be punished by a fine not to exceed four thousand dollars, 
confinement in jail for a term not to exceed one year, or both. Id. § 
12.21 (Vernon 2003). The length of appellant’s probated sentence, however, was 
only one hundred twenty days, and his fine, plus the amounts the trial court 
ordered him to pay to a family violence shelter and Crime Stoppers, totaled no 
more than eight hundred twenty dollars.